[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16271
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-00081-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL TINSLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 26, 2009)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

While on supervised release as part of a sentence for a cocaine distribution conviction, Darrell Tinsley committed armed robbery. The district court revoked Tinsley's supervised release, imposed a 24-month sentence, and ordered that the sentence run consecutive to the 20-year sentence imposed by the state court for the robbery offense. Tinsley appeals the district court's sentence, contending that it is unreasonable.

## I.

Tinsley contends that his 24-month consecutive sentence is unreasonable because the district court failed to consider or give adequate weight to several factors under 18 U.S.C. § 3553(a) and to articulate reasons for his sentence under § 3553(c). The factors outlined in § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing

disparities; (7) and the need to provide restitution to victims. See 18 U.S.C. § 3553(a). Section § 3553(c) requires a district court to "state in open court the reasons for its imposition of the particular sentence."

We review "the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

**II.**

We must first consider whether Tinsley's 24-month consecutive sentence is procedurally unreasonable based on his contention that the district court failed to consider the § 3553(a) factors and to adequately explain the chosen sentence. See Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). The thrust of Tinsley's contention is that instead of explaining his sentence in terms of the § 3553(a) factors, the district court explained the sentence by relying solely on an allegation in the revocation report that Tinsley continued to use cocaine while on supervised release.

In the petition to revoke his supervised release Tinsley was charged with four violations: (1) committing a new violation of law by committing the offense

3

of armed robbery; (2) possessing or using cocaine; (3) failing to submit to uranalysis; and (4) failing to participate in residential drug treatment. At the revocation hearing, Tinsley admitted to the armed robbery and the government abandoned the other three violations. Based on that admission the district court found that Tinsley had violated the terms and conditions of supervised release.

During the revocation hearing, the district court referenced Tinsley's continued cocaine use. After the sentence was imposed, Tinsley's attorney argued that referring to that use was improper because Tinsley had not admitted to using cocaine and the government had abandoned the three alleged violations from the petition relating to that continued use. Tinsley's attorney conceded that the district court was free to consider the entire revocation report including the alleged continued cocaine use for sentencing purposes, but objected to the statement of that use on the record because it could later be interpreted as a factual finding. The district court resolved the concern by retracting a statement it had made.[1] Tinsley argues that after the district court's statement about his ongoing cocaine use is retracted from the record, there is nothing left to explain why his "extreme" sentence is justified.

---

[1] The retracted statement was: " I also find an exception to the mandatory revocation provisions of 18 U.S.C. § 3583(g) is not warranted based on Mr. Tinsley's ongoing use of cocaine . . ."

The record reveals, however, that the district court did adequately explain how the sentence was supported by the § 3553(a) factors. Although Tinsley correctly points out that the district court did not discuss four of the § 3553(a) factors, the court was not required to discuss each factor. See Talley, 431 F.3d at 786. Nor was it required to "explicitly articulate that it had considered the § 3553(a) factors," United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) although it did so here. See also United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that the district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors").

Instead, a district court's rationale is legally sufficient where the record makes clear that it has considered the evidence and the arguments. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2469 (2007). Here, the district court provided Tinsley with the opportunity to present mitigating argument at the revocation hearing. The court heard Tinsley's own statement and his attorney's comments about the nature and circumstances of the offense, the seriousness of the offense, and the interests of deterrence. His attorney summarized: "Essentially my argument, Your Honor, under all these factors is that [] Tinsley is going to be punished enough by spending his 20-year sentence in the state system."

5

In determining Tinsley's sentence the district court consulted the sentencing guidelines. Although Tinsley's advisory guidelines range would have been 33–41 months based on a Grade A violation and a criminal history category of VI, that range did not apply here because it would have exceeded the maximum term of imprisonment authorized by statute. See U.S.S.G. § 7B1.4(b)(3)(A). The district court thus imposed a sentence of 24 months, the maximum sentence permitted by statute for the offense. The court instructed that the sentence was to run consecutive to the 20-year sentence already imposed on Tinsley in state court. The court also stated that "the sentence as imposed is an appropriate sentence in this case, complies with the factors that are to be considered as set forth at 18 U.S.C. § 3553(a) and adequately addresses the totality of the circumstances."

The Supreme Court has explained that a lengthy discussion is not required in the typical case, as long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at __, 127 S. Ct. at 2468. The district court has set forth enough to satisfy us. Cf. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that a district court's statement that it had considered the defendant's arguments and the § 3553(a) factors was "sufficient in post-Booker sentences").

6

## III.

We next consider whether Tinsley's sentence is substantively unreasonable based on his contention that the district court failed to adequately weigh the § 3553(a) factors and the circumstances presented by his case. He argues that the district court failed to properly weigh his character, the parsimony principle, and the need to provide him with educational and vocational training. See 18 U.S.C. § 3353(a)(1), (a)(2)(C), (a)(2)(D). He also argues that his sentence was not a just punishment for his offense. See 18 U.S.C. § 3553(a)(2)(A).

In considering the substantive reasonableness of a sentence, "we may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). In other words, if the district court made a clear error in judgment in weighing the factors, we will remand for re-sentencing. Id. Tinsley has not shown this to be such a case.

We ordinarily expect that sentences that are within the guidelines range will be substantively reasonable. See id. Tinsley's sentence does not exceed the bounds of the advisory guidelines range, see U.S.S.G. § 7B1.4, and none of Tinsley's arguments related to the § 3553(a) factors convinces us that the district court made a clear error of judgment resulting in an unreasonable sentence.

7

Tinsley identifies four § 3353(a) factors that he asserts the district court failed to properly consider. He argues that the district court failed to consider both his character under § 3353(a)(1) and the need to provide him with educational or vocational training under § 3553(a)(2)(D). Tinsley offers no argument for how those factors would make his sentence a clear error of judgment, but simply points out that the district court did not address them specifically. As we have already explained, however, the district court was not required to address each factor. See Talley, 431 F.3d at 786.

Tinsley also argues that the district court failed to adequately consider two other factors: (1) whether a lower sentence would have adequately protected society under § 3553(a)(2)(C) and (2) whether the maximum statutory sentence here was inconsistent with the "just punishment for the offense" provision of § 3553(a)(2)(A). As to both, he emphasizes that the conduct underlying the revocation violation, the armed robbery, already resulted in a 20-year state sentence of imprisonment, and argues that an additional 24-month consecutive sentence is unreasonably harsh. This argument fails.

First, the record demonstrates that the district court considered this argument at the time of sentencing because Tinsley raised it at the revocation hearing in arguing for a concurrent sentence, although in the context of other

factors. Second, the district court's decision to impose a 24-month consecutive sentence is consistent with the maximum term of imprisonment authorized by statute and the policy statement in the sentencing guidelines recommending a consecutive term of imprisonment. <u>See</u> 18 U.S.C. § 3553(a)(4), (5); U.S.S.G. §§ 7B1.4(b)(3)(A), 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.").

Tinsley's 24-month consecutive sentence was procedurally and substantively reasonable.

**AFFIRMED.**

9